UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA           :

           v.           :     Criminal No. 14-558 (SDW)

                      :     18 U.S.C. §§ 371, 1519, 2
                            26 U.S.C. §§ 7206(2) & 7201
MARC SORRENTINO and                :     31 U.S.C. § 5324(a)(3)
MICHAEL SORRENTINO,
   a/k/a "The Situation"       :

## SUPERSEDING INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

## COUNT 1
(Conspiracy to Defraud the United States)

## Parties and Entities

1.  At all times relevant to this Superseding Indictment:

    a.  Defendant MARC SORRENTINO was a resident of Monmouth County, New Jersey, and received income.

    b.  Defendant MICHAEL SORRENTINO, a/k/a "The Situation," was a resident of Monmouth and Ocean Counties, New Jersey, and was a reality television personality who gained fame on the television show "The Jersey Shore," which first appeared on the MTV network in or around December 2009.  Defendant MICHAEL SORRENTINO received income.

    c.  MPS Entertainment, LLC ("MPS") was a limited liability company existing under the laws of the State of New

Jersey that was formed in or around January 2010.  Defendants MARC SORRENTINO and MICHAEL SORRENTINO held ownership interests in MPS.

     d.  Employee #1 was employed by MPS in a secretarial capacity.

     e.  Situation Nation, Inc. ("SitNat") was a corporation registered with the State of New Jersey that was formed in or around October 2010.  Defendant MICHAEL SORRENTINO held a 100 percent ownership interest in SitNat.

     f.  Situation Productions, Inc., Situation Capital Investments, LLC, and GTL Management, Inc. ("Other Sorrentino Businesses") were additional business entities established by defendants MARC SORRENTINO and/or MICHAEL SORRENTINO.

     g. MPS, SitNat, and the Other Sorrentino Businesses were engaged in the business of exploiting defendant MICHAEL SORRENTINO's celebrity status.

Sources of Income

     h.  MPS, SitNat, the Other Sorrentino Businesses, and defendants MARC SORRENTINO and MICHAEL SORRENTINO received income from a variety of sources, including personal and television appearances by defendant MICHAEL SORRENTINO, a partnership interest in a vodka company, ownership of an online clothing business, publication of an autobiography and a comic book featuring defendant MICHAEL SORRENTINO as a superhero, and endorsements of products such as vitamins, DVDs, clothing lines,

jewelry, tuxedos, and sunglasses. For tax years 2010 through 2012, defendants MARC SORRENTINO and MICHAEL SORRENTINO earned approximately $8.9 million in gross income.

i.   From approximately January 2010 through approximately December 2012, defendants MARC SORRENTINO and MICHAEL SORRENTINO entered into numerous contracts for MICHAEL SORRENTINO to make personal appearances at various venues, including nightclubs, bars, and liquor stores, in exchange for booking fees.  Defendants MARC SORRENTINO and MICHAEL SORRENTINO contracted that a substantial portion of the booking fee be paid in cash directly to defendants MARC SORRENTINO and/or MICHAEL SORRENTINO.

Taxes and Tax Return Preparation

j.   The tax laws of the United States require every citizen and resident of the United States who receives gross income in excess of the minimum filing amount established by law for a particular tax year to annually make and file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040"), wherein a taxpayer reports items including income, deductions, and tax due and owing.

k.   MPS was established as a partnership under the Internal Revenue Code.  As a partnership, MPS was required to annually make and file a U.S. Return of Partnership Income, Form 1065 ("Form 1065"), reporting, among other items, its ordinary

3

business income ("net business income"). A partnership's net business income as reported on the Form 1065 is determined by subtracting its total deductions from its total income. A partnership does not incur any tax liability for any net business income it may have earned during a given tax year. Instead, the owners of the partnership are required to report such net business income on their respective Forms 1040. Accordingly, any net business income incurred by MPS was required to be reported by defendants MARC SORRENTINO and MICHAEL SORRENTINO on their respective Forms 1040.

1. SitNat was established as an S Corporation under the Internal Revenue Code. As an S Corporation, SitNat was required to annually make and file a U.S. Income Tax Return for an S Corporation, Form 1120S ("Form 1120S"), reporting, among other items, its ordinary business income ("net business income"). An S Corporation's net business income as reported on the Form 1120S is determined by subtracting its total deductions from its total income. An S Corporation does not incur any tax liability for any net business income it may have earned during a given tax year. Instead, the owner of the S Corporation is required to report such net business income on his Form 1040. Accordingly, any net business income incurred by SitNat was required to be reported by defendant MICHAEL SORRENTINO on his Form 1040.

4

m.   Any income earned by defendants MARC SORRENTINO and MICHAEL SORRENTINO, in addition to net business income described above, was required to be reported on their respective Forms 1040.

n.   Among other things, Forms 1065, Forms 1120S, and Forms 1040 enable the Internal Revenue Service ("IRS") to identify income and assess and compute any taxes that may be due and owing on that income.

o. A Form 1099 is an informational form generally required to be filed with the IRS to report payments made to an individual or partnership in the course of a trade or business.  A Form 1099 is generally not required for payments made to a corporation.

p.   Defendants MARC SORRENTINO and MICHAEL SORRENTINO engaged the services of a certified public accounting firm (the "Accounting Firm").  The Accounting Firm had offices in Staten Island, New York, and was in the business of preparing tax returns for clients.

i.   Coconspirator #1, Gregg Mark, charged elsewhere, was employed by the Accounting Firm.  For tax years 2010 and 2011, defendants MARC SORRENTINO and MICHAEL SORRENTINO, and Gregg Mark prepared, and caused to be prepared, the Forms 1065 for MPS, the Form 1120S for SitNat, and the Forms 1040 for defendants MARC SORRENTINO and MICHAEL SORRENTINO, and Employee #1.

ii.   For tax year 2012, defendants MARC SORRENTINO and MICHAEL SORRENTINO engaged the services of other tax return preparers at the Accounting Firm to prepare the Form 1065 for MPS, the Form 1120S for SitNat, and the Forms 1040 for defendants MARC SORRENTINO and MICHAEL SORRENTINO.

Bank Accounts

q.   Defendant MICHAEL SORRENTINO maintained personal bank accounts, including accounts ending -7378 and -4910 at JPMorgan Chase Bank, N.A. ("Chase").  Defendant MICHAEL SORRENTINO maintained sole signature authority over these accounts.

r.   MPS maintained business bank accounts, including accounts ending -9768 and -0799 at Chase. Defendant MICHAEL SORRENTINO maintained signature authority over these accounts.  At various times, defendant MARC SORRENTINO also maintained signature authority over these accounts.

s.   SitNat maintained business bank accounts, including accounts ending -3078 and -0395 at Chase.  Defendant MICHAEL SORRENTINO maintained signature authority over these accounts.  At various times, defendant MARC SORRENTINO also maintained signature authority over these accounts.

t.   The Other Sorrentino Businesses maintained bank accounts, including accounts ending -3060, -7295, and -9910 at Chase. Defendant MICHAEL SORRENTINO maintained signature authority

over these accounts.   At various times, defendant MARC SORRENTINO also maintained signature authority over these accounts.

u.   A portion of the income from the operation of MPS, SitNat, and the Other Sorrentino Businesses was deposited into the various bank accounts described above.   Defendants MARC SORRENTINO and MICHAEL SORRENTINO continually commingled monies among the bank accounts and used the monies from the business bank accounts to pay for personal items, such as high-end luxury vehicles and clothing.

v.   Financial institutions are required to file Currency Transaction Reports ("CTRs") for monetary transactions involving cash exceeding $10,000, including deposits.   CTRs are filed with the Financial Crimes Enforcement Network, a bureau within the United States Department of Treasury, and are used for, among other purposes, tracking income and assets.

## The Conspiracy

2.   From in or around January 2010 through in or around November 2013, in Monmouth and Ocean Counties, in the District of New Jersey and elsewhere, defendants

MARC SORRENTINO and
MICHAEL SORRENTINO,
a/k/a "The Situation,"

did unlawfully, voluntarily, intentionally and knowingly conspire and agree with each other and others, known and unknown to the Grand Jury, including Gregg Mark, to defraud the United States by

7

impeding, impairing, obstructing, and defeating the lawful functions of the IRS, a constituent agency of the United States Department of the Treasury, in the ascertainment, computation, assessment, and collection of income taxes.

## Object of the Conspiracy

3. The object of the conspiracy was to impede, impair, obstruct, and defeat the lawful functions of the IRS, a constituent agency of the United States Department of the Treasury, in the ascertainment, computation, assessment, and collection of income taxes.

## Manner and Means of the Conspiracy

4. It was part of the conspiracy that defendants MARC SORRENTINO and MICHAEL SORRENTINO earned approximately $8.9 million in gross income on which they failed to pay all federal income taxes due and owing.

5. It was further part of the conspiracy that defendants MARC SORRENTINO and MICHAEL SORRENTINO provided false, fraudulent, and incomplete information and records to the Accounting Firm in connection with the Accounting Firm's preparation of tax returns for themselves and their business entities.

6. It was further part of the conspiracy that defendants MARC SORRENTINO and MICHAEL SORRENTINO did not declare to the Accounting Firm and report to the IRS all of the cash that they received as income from promotional and business activities.

7.  It was further part of the conspiracy that defendant MICHAEL SORRENTINO structured, and caused to be structured, cash deposits and attempted to evade bank currency reporting requirements.

8.  Prior to in or around October 2010, defendants MARC SORRENTINO and MICHAEL SORRENTINO directed that payments from production companies for services performed by defendant MICHAEL SORRENTINO be paid to MPS, whereupon the production companies issued IRS Forms 1099 to MPS with a copy sent to the IRS documenting the payments.  It was further part of the conspiracy that shortly after SitNat was formed in October 2010, defendants MARC SORRENTINO and/or MICHAEL SORRENTINO directed that payments from production companies be made to SitNat instead of MPS. Because SitNat was established as an S Corporation, and payments from one corporation to another do not require the issuance of Forms 1099, the production companies did not issue Forms 1099 to SitNat and therefore, no Forms 1099 were sent to the IRS evidencing payments.  Defendants MARC SORRENTINO and MICHAEL SORRENTINO did not report all of these payments from production companies to SitNat as income.

9.  It was further part of the conspiracy that defendants MARC SORRENTINO and MICHAEL SORRENTINO filed, and caused to be filed, with the IRS a false and fraudulent Form 1065 and false and fraudulent Forms 1120S for their business entities.  These tax

returns were false and fraudulent in that they understated the gross receipts of the businesses, claimed fraudulent business deductions, disguised income payments made to defendants MARC SORRENTINO and MICHAEL SORRENTINO and to Employee #1, and/or underreported net business income.

10.   It was further part of the conspiracy that defendants MARC SORRENTINO and MICHAEL SORRENTINO filed, and caused to be filed, with the IRS false and fraudulent Forms 1040 for defendants MARC SORRENTINO and MICHAEL SORRENTINO, and Employee #1.  These tax returns were false and fraudulent in that they failed to report all of the income that defendants MARC SORRENTINO and MICHAEL SORRENTINO, and Employee #1 received.

11.   It was further part of the conspiracy that, despite earning substantial income, defendant MICHAEL SORRENTINO did not file a Form 1040 for tax year 2011.

12.   It was further part of the conspiracy that from on or about November 6, 2013, through on or about November 13, 2013, in response to federal Grand Jury subpoenas dated October 8, 2013, defendant MARC SORRENTINO manipulated, and caused to be manipulated, books and records on behalf of MPS and SitNat for tax year 2012.  After the Grand Jury subpoenas were served, but prior to MPS and SitNat producing the books and records, defendant MARC SORRENTINO manipulated, and caused to be manipulated, these books and records to alter and reclassify taxable payments to defendant

MARC SORRENTINO as non-taxable payments to him and as legitimate business deductions.

Overt Acts

13.   In furtherance of the conspiracy and in order to effect its object, defendants MARC SORRENTINO and MICHAEL SORRENTINO did commit the following overt acts, among others, in the District of New Jersey and elsewhere:

Cash Deposits

14.   On or about the dates listed below, defendant MICHAEL SORRENTINO deposited, and caused to be deposited, cash into the accounts, and in the amounts, set forth below:

| Overt Act Number | Date of Deposit | Account Name | Account Number Ending | Amount of Cash Deposit |
|---|---|---|---|---|
| 14(a) | 1/4/2011 | Situation Nation | 3078 | $ 4,500.00 |
| 14(b) | 1/4/2011 | Situation Productions | 3060 | $ 4,500.00 |
| 14(c) | 1/5/2011 | Situation Productions | 3060 | $ 3,500.00 |
| 14(d) | 1/5/2011 | Situation Nation | 3078 | $ 3,500.00 |
| 14(e) | 3/1/2011 | Situation Productions | 3060 | $ 5,000.00 |
| 14(f) | 3/1/2011 | Michael Sorrentino | 7378 | $ 2,000.00 |
| 14(g) | 3/1/2011 | Michael Sorrentino | 4910 | $ 2,000.00 |
| 14(h) | 3/1/2011 | MPS Entertainment | 9768 | $ 2,100.00 |
| 14(i) | 3/14/2011 | Situation Productions | 3060 | $ 8,880.00 |
| 14(j) | 3/14/2011 | Michael Sorrentino | 4910 | $ 2,000.00 |
| 14(k) | 3/14/2011 | Michael Sorrentino | 7378 | $ 2,000.00 |
| 14(l) | 3/28/2011 | Situation Nation | 3078 | $ 9,500.00 |
| 14(m) | 3/28/2011 | Situation Productions | 3060 | $ 9,987.00 |
| 14(n) | 3/28/2011 | Michael Sorrentino | 4910 | $ 9,900.00 |
| 14(o) | 3/28/2011 | Michael Sorrentino | 7378 | $ 7,000.00 |
| 14(p) | 3/29/2011 | Situation Nation | 3078 | $ 8,000.00 |
| 14(q) | 3/29/2011 | Michael Sorrentino | 4910 | $ 1,100.00 |

| Overt Act Number | Date of Deposit | Account Name | Account Number Ending | Amount of Cash Deposit |
|---|---|---|---|---|
| 14(r) | 3/29/2011 | Situation Productions | 3060 | $ 1,000.00 |
| 14(s) | 8/19/2011 | Situation Productions | 3060 | $ 5,500.00 |
| 14(t) | 8/19/2011 | MPS Entertainment | 9768 | $ 4,000.00 |
| 14(u) | 8/19/2011 | MPS Entertainment | 9768 | $ 80.00 |
| 14(v) | 8/20/2011 | Situation Productions | 3060 | $ 2,800.00 |
| 14(w) | 9/21/2011 | MPS Entertainment | 9768 | $ 9,448.10 |
| 14(x) | 9/21/2011 | Situation Nation | 0395 | $ 4,724.00 |
| 14(y) | 9/21/2011 | Situation Nation | 3078 | $ 4,393.32 |
| 14(z) | 9/21/2011 | Situation Capital Invst. | 9910 | $ 2,000.00 |
| 14(aa) | 12/5/2012 | Situation Nation | 3078 | $ 1,513.60 |
| 14(bb) | 12/5/2012 | Situation Productions | 3060 | $ 2,161.92 |
| 14(cc) | 12/5/2012 | GTL Management | 7295 | $ 2,161.94 |
| 14(dd) | 12/5/2012 | Michael Sorrentino | 4910 | $ 2,161.92 |
| 14(ee) | 12/6/2012 | Michael Sorrentino | 7378 | $ 9,000.00 |
| 14(ff) | 12/6/2012 | Situation Nation | 3078 | $ 4,178.75 |

Tax Year 2010

15. On or about July 5, 2011, defendants MARC SORRENTINO and MICHAEL SORRENTINO filed, and caused to be filed, with the IRS a false and fraudulent Form 1065 on behalf of MPS for tax year 2010.

16. On or about June 21, 2011, defendant MARC SORRENTINO filed, and caused to be filed, with the IRS a false and fraudulent Form 1040 on behalf of Employee #1 for tax year 2010.

17. On or about July 5, 2011, defendant MARC SORRENTINO filed, and caused to be filed, with the IRS a false and fraudulent Form 1040 on his behalf for tax year 2010.

18. On or about July 5, 2011, defendant MICHAEL SORRENTINO filed, and caused to be filed, with the IRS a false and fraudulent

Form 1040 on his behalf for tax year 2010.

Tax Year 2011

19.  On or about February 26, 2013, defendants MARC SORRENTINO and MICHAEL SORRENTINO filed, and caused to be filed, with the IRS a false and fraudulent Form 1120S on behalf of SitNat for tax year 2011.

20.  On or about August 23, 2012, defendant MARC SORRENTINO filed, and caused to be filed, with the IRS a false and fraudulent Form 1040 on his behalf for tax year 2011.

Tax Year 2012

21.  On or about July 15, 2013 through on or about August 1, 2013, defendant MARC SORRENTINO provided false, fraudulent, and incomplete information and records to the Accounting Firm in connection with the Accounting Firm's preparation of a Form 1065 and a Form 1120S for their business entities for tax year 2012.

22.  On or about September 13, 2013, defendants MARC SORRENTINO and MICHAEL SORRENTINO filed, and caused to be filed, with the IRS a false and fraudulent Form 1120S on behalf of SitNat for tax year 2012.

23.  On or about April 15, 2013, defendant MARC SORRENTINO filed, and caused to be filed, with the IRS a false and fraudulent Form 1040 on his behalf for tax year 2012.

24.  On or about September 13, 2013, defendant MICHAEL SORRENTINO filed, and caused to be filed, with the IRS a false and

fraudulent Form 1040 on his behalf for tax year 2012.

25.   On or about November 6, 2013, through on or about November 13, 2013, in response to federal Grand Jury subpoenas dated October 8, 2013, defendant MARC SORRENTINO manipulated and caused to be manipulated books and records on behalf of MPS and SitNat for tax year 2012 by altering and reclassifying, and causing to be altered and reclassified, taxable payments to defendant MARC SORRENTINO as non-taxable payments to him and as legitimate business deductions.

All in violation of Title 18, United States Code, Section 371.

COUNT 2
(Structuring to Evade Currency Transaction Reports)

1.    Paragraph 1 of Count 1 of this Superseding Indictment is hereby realleged and incorporated as if set forth in full herein.

2.    On or about the dates set forth below, in the District of New Jersey and elsewhere, defendant

MICHAEL SORRENTINO,
a/k/a "The Situation,"

did knowingly and for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure and assist in structuring, the following transactions with a domestic financial institution, JPMorgan Chase Bank, N.A., and did so while violating another law of the United States and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period:

| Date of Deposit | Account Name | Account Number Ending | Amount of Cash Deposit |
|---|---|---|---|
| 1/4/2011 | Situation Nation | 3078 | $ 4,500.00 |
| 1/4/2011 | Situation Productions | 3060 | $ 4,500.00 |
| 1/5/2011 | Situation Productions | 3060 | $ 3,500.00 |
| 1/5/2011 | Situation Nation | 3078 | $ 3,500.00 |

In violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d); Title 31, Code of Federal Regulations, Sections 103.11, 103.22; and Title 18, United States Code, Section 2.

<u>COUNT 3</u>
(Structuring to Evade Currency Transaction Reports)

1.    Paragraph 1 of Count 1 of this Superseding Indictment is hereby realleged and incorporated as if set forth in full herein.

2.    On or about the dates set forth below, in the District of New Jersey and elsewhere, defendant

MICHAEL SORRENTINO,
a/k/a "The Situation,"

did knowingly and for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure and assist in structuring, the following transactions with a domestic financial institution, JPMorgan Chase Bank, N.A., and did so while violating another law of the United States:

| Date of Deposit | Account Name | Account Number Ending | Amount of Cash Deposit |
|---|---|---|---|
| 12/5/2012 | Situation Nation | 3078 | $ 1,513.60 |
| 12/5/2012 | Situation Productions | 3060 | $ 2,161.92 |
| 12/5/2012 | GTL Management | 7295 | $ 2,161.94 |
| 12/5/2012 | Michael Sorrentino | 4910 | $ 2,161.92 |
| 12/6/2012 | Michael Sorrentino | 7378 | $ 9,000.00 |
| 12/6/2012 | Situation Nation | 3078 | $ 4,178.75 |

In violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d); Title 31, Code of Federal Regulations, Sections 1010.100, 1010.311, and 1010.313; and Title 18, United States Code, Section 2.

COUNTS 4 - 12
(Aiding in the Preparation of False Tax Returns)

1.   Paragraph 1 of Count 1 of this Superseding Indictment is hereby realleged and incorporated as if set forth in full herein.

2.   On or about the dates set forth below, in the District of New Jersey and elsewhere, the defendants set forth below, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, the tax returns identified below for the taxpayers and calendar years hereinafter specified.  The tax returns were false and fraudulent as to material matters as herein specified in that they falsely and fraudulently a) underreported gross receipts, b) overstated and mischaracterized deductions, and c) underreported income as follows:

| Count | Defendant(s) | Tax Return | Tax Year | Approximate Date Return Filed | False Material Matter(s) |
|---|---|---|---|---|---|
| 4 | MARC SORRENTINO & MICHAEL SORRENTINO | MPS Form 1065 | 2010 | July 5, 2011 | a. Line 20, other deductions of $681,861 b. Line 22, ordinary business income of $501,639 |

| Count | Defendant(s) | Tax Return | Tax Year | Approximate Date Return Filed | False Material Matter(s) |
|---|---|---|---|---|---|
| 5 | MARC SORRENTINO | Marc Sorrentino Form 1040 | 2010 | July 5, 2011 | a. Line 17, partnership income of $299,980<br>b. Line 22, total income of -$6,337 |
| 6 | MICHAEL SORRENTINO | Michael Sorrentino Form 1040 | 2010 | July 5, 2011 | a. Line 17, partnership income of $201,659<br>b. Line 22, total income of $218,068 |
| 7 | MARC SORRENTINO | Employee #1 Form 1040 | 2010 | June 21, 2011 | a. Line 22, total income of 16,465 |
| 8 | MARC SORRENTINO & MICHAEL SORRENTINO | Situation Nation Form 1120S | 2011 | February 26, 2013 | a. Line 1b, gross receipts of $3,055,541<br>b. Line 19, other deductions of $2,129,130<br>c. Statement 2<br>d. Line 21, ordinary business income of -$5,714 |
| 9 | MARC SORRENTINO | Marc Sorrentino Form 1040 | 2011 | August 23, 2012 | a. Line 22, total income of $64,907 |

| Count | Defendant(s) | Tax Return | Tax Year | Approximate Date Return Filed | False Material Matter(s) |
|-------|-------------|-----------|----------|------------------------------|--------------------------|
| 10 | MARC SORRENTINO & MICHAEL SORRENTINO | Situation Nation Form 1120S | 2012 | September 13, 2013 | a. Line 1a, gross receipts of $450,000<br>b. Line 21, ordinary business income of $89,955 |
| 11 | MARC SORRENTINO | Marc Sorrentino Form 1040 | 2012 | April 15, 2013 | a. Line 22, total income of $10,313 |
| 12 | MICHAEL SORRENTINO | Michael Sorrentino Form 1040 | 2012 | September 13, 2013 | a. Line 17, partnership and S corporation income of $108,475<br>b. Line 22, total income of $108,475 |

In violation of Title 26, United States Code, Section 7206(2).

COUNT 13
(Tax Evasion)

1.   Paragraph 1 of Count 1 of this Superseding Indictment is hereby realleged and incorporated as if set forth in full herein.

2.   During the calendar year 2011, defendant MICHAEL SORRENTINO received taxable income, upon which there was income tax due and owing to the United States of America.   Knowing of the foregoing facts and failing to make an income tax return on or before April 17, 2012, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, defendant

MICHAEL SORRENTINO,
a/k/a "The Situation,"

from on or about January 4, 2011 through on or about February 26, 2013, in the District of New Jersey and elsewhere, willfully attempted to evade and defeat a substantial income tax due and owing by him to the United States of America, for calendar year 2011, by committing the following affirmative acts in an attempt to conceal his income, among others, of filing and causing to be filed a false 2011 Form 1065 for Situation Nation and depositing cash into the accounts and in the amounts set forth below:

| Affirmative Act Number | Date of Deposit | Account Name | Account Number Ending | Amount of Cash Deposit |
|---|---|---|---|---|
| 2(a) | 1/4/2011 | Situation Nation | 3078 | $ 4,500.00 |
| 2(b) | 1/4/2011 | Situation Productions | 3060 | $ 4,500.00 |
| 2(c) | 1/5/2011 | Situation Productions | 3060 | $ 3,500.00 |
| 2(d) | 1/5/2011 | Situation Nation | 3078 | $ 3,500.00 |
| 2(e) | 3/1/2011 | Situation Productions | 3060 | $ 5,000.00 |
| 2(f) | 3/1/2011 | Michael Sorrentino | 7378 | $ 2,000.00 |
| 2(g) | 3/1/2011 | Michael Sorrentino | 4910 | $ 2,000.00 |
| 2(h) | 3/1/2011 | MPS Entertainment | 9768 | $ 2,100.00 |
| 2(i) | 3/14/2011 | Situation Productions | 3060 | $ 8,880.00 |
| 2(j) | 3/14/2011 | Michael Sorrentino | 4910 | $ 2,000.00 |
| 2(k) | 3/14/2011 | Michael Sorrentino | 7378 | $ 2,000.00 |
| 2(l) | 3/28/2011 | Situation Nation | 3078 | $ 9,500.00 |
| 2(m) | 3/28/2011 | Situation Productions | 3060 | $ 9,987.00 |
| 2(n) | 3/28/2011 | Michael Sorrentino | 4910 | $ 9,900.00 |
| 2(o) | 3/28/2011 | Michael Sorrentino | 7378 | $ 7,000.00 |
| 2(p) | 3/29/2011 | Situation Nation | 3078 | $ 8,000.00 |
| 2(q) | 3/29/2011 | Michael Sorrentino | 4910 | $ 1,100.00 |
| 2(r) | 3/29/2011 | Situation Productions | 3060 | $ 1,000.00 |
| 2(s) | 8/19/2011 | Situation Productions | 3060 | $ 5,500.00 |
| 2(t) | 8/19/2011 | MPS Entertainment | 9768 | $ 4,000.00 |
| 2(u) | 8/19/2011 | MPS Entertainment | 9768 | $ 80.00 |
| 2(v) | 8/20/2011 | Situation Productions | 3060 | $ 2,800.00 |
| 2(w) | 9/21/2011 | MPS Entertainment | 9768 | $ 9,448.10 |
| 2(x) | 9/21/2011 | Situation Nation | 0395 | $ 4,724.00 |
| 2(y) | 9/21/2011 | Situation Nation | 3078 | $ 4,393.32 |
| 2(z) | 9/21/2011 | Situation Capital Investments | 9910 | $ 2,000.00 |

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

COUNT 14
(Falsification of Records)

1.   Paragraph 1 of Count 1 of this Superseding Indictment is hereby realleged and incorporated as if set forth in full herein.

2.   On or about November 6, 2013, through on or about November 13, 2013, in the District of New Jersey and elsewhere, defendant

MARC SORRENTINO

did knowingly alter, destroy, mutilate, conceal, cover up, falsify, and make false entries in a record, document, and tangible object with the intent to impede, obstruct, and influence an investigation and the proper administration of a federal grand jury in the District of New Jersey, a matter that the defendant knew was within the jurisdiction of a department and agency of the United States.

In violation of Title 18, United States Code, Sections 1519 and 2.

A TRUE BILL

WILLIAM E. FITZPATRICK
Acting United States Attorney

CASE NUMBER: 14-558 (SDW)

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

MARC SORRENTINO and
MICHAEL SORRENTINO,
a/k/a "The Situation"

SUPERSEDING INDICTMENT FOR

18 U.S.C. §§ 371, 1519 & 2
26 U.S.C. §§ 7206(2) & 7201
21 U.S.C. § 5324(a)(3)

A True Bill

WILLIAM E. FITZPATRICK
ACTING U.S. ATTORNEY
NEWARK, NEW JERSEY

JONATHAN W. ROMANKOW
ASSISTANT U.S. ATTORNEY
973-645-2740

USA-48AD 8
(Ed. 1/97)

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2017 APR -7 P 5:42