

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Criminal Division*

---

*970 Broad Street, 7th floor*                        973-645-2700
*Newark, New Jersey 07102*

January 14, 2018

Henry E. Klingeman, Esq.
Kristen Santillo, Esq.
Krovatin Klingeman LLC
60 Park Place, Suite 1100
Newark, NJ 07102

      Re:  <u>U.S. v. Michael Sorrentino</u>
           Crim. No. 14-558

Dear Mr. Klingeman:

    This letter sets forth the plea agreement between your client, Michael Sorrentino, and the United States Attorney's Office for the District of New Jersey and the United States Department of Justice, Tax Division (collectively "this Office").  This Office's offer to enter into this plea agreement will expire on January 16, 2018 if it is not accepted in writing by that date.

    This plea agreement is contingent upon the approval of the Department of Justice, Tax Division.

Charges

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Michael Sorrentino to Count Thirteen of the Superseding Indictment, which charges Michael Sorrentino with tax evasion in violation of 26 U.S.C. § 7201.  If Michael Sorrentino enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will dismiss all other charges against Michael Sorrentino in the current Superseding Indictment (14-cr-558 SDW), and agrees not to bring further charges against Michael Sorrentino for the conduct alleged in the Superseding Indictment.  However, in the event

16177554.1

that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Michael Sorrentino may be commenced against him, notwithstanding the expiration of the limitations period after Michael Sorrentino signs the agreement.

<u>Sentencing</u>

The violation of 26 U.S.C. § 7201 to which Michael Sorrentino agrees to plead guilty carries a maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (a) $250,000 plus the cost of prosecution; or (b) twice the gross profits to the defendant or losses to the victims of his offense.  All fines in excess of $2,500 imposed by the Court are subject to the payment of interest.

The sentence to be imposed upon Michael Sorrentino is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Michael Sorrentino ultimately will receive.

Further, in addition to imposing any other penalty on Michael Sorrentino, the sentencing judge: (1) will order Michael Sorrentino to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Michael Sorrentino to pay the costs of prosecution; and (3) pursuant to 18 U.S.C. § 3583, may require Michael Sorrentino to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed.  Should Michael Sorrentino be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Michael Sorrentino may be sentenced to not more than 2 years of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

I6177554.1

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Michael Sorrentino agrees to pay restitution in the amount of $123,913 to the Internal Revenue Service ("IRS"). The restitution amount shall be paid according to a plan established by the Court. The Court will order Michael Sorrentino to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release. The IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Michael Sorrentino does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Michael Sorrentino's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Michael Sorrentino by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Michael Sorrentino's activities and relevant conduct with respect to this case.

Stipulations

This Office and Michael Sorrentino agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office

3

16177554.1

or Michael Sorrentino from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Michael Sorrentino waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the United States Department of Justice, Tax Division and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the

16177554.1

future against Michael Sorrentino.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Michael Sorrentino.

This agreement is conditioned upon the following: (a) defendant Marc Sorrentino entering a guilty plea on or before January 19, 2018; and (b) acceptance of that plea by a U.S. District Court Judge at the time of the plea allocution.  If Marc Sorrentino does not satisfy the foregoing two conditions, or if Marc Sorrentino subsequently seeks to withdraw his guilty plea, this Office, in its sole discretion, may elect to void Michael Sorrentino's plea agreement and proceed to trial. Michael Sorrentino will not have the right to withdraw his guilty plea in any of those circumstances.

Prior to the date of sentencing, Michael Sorrentino shall: (1) file accurate business tax returns for MPS Entertainment, LLC and Situation Nation, Inc. for 2010 through 2012; (2) file accurate amended U.S. Individual Income Tax Returns (Forms 1040) for calendar years 2010 and 2012 or execute Waivers of Restrictions on Assessments and Collections of Deficiency in Tax and Acceptance of Overassessment (Forms 870); (3) file an accurate Form 1040 for 2011 or execute Form 870; (4) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (5) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (6) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States.  Further, Michael Sorrentino agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Michael Sorrentino.  With respect to disclosure of the criminal file to the Internal Revenue Service, Michael Sorrentino waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Michael Sorrentino's tax returns and return information.

No provision of this agreement shall preclude Michael Sorrentino from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Michael Sorrentino received constitutionally ineffective assistance of counsel.

16177554.1

## No Other Promises

This agreement constitutes the plea agreement between Michael Sorrentino and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENTINO
United States Attorney

By: JONATHAN W. ROMANKOW
Assistant United States Attorney

YAEL EPSTEIN
Trial Attorney
U.S. Department of Justice
Tax Division

JEFFREY BENDER
Trial Attorney
U.S. Department of Justice
Tax Division

APPROVED:

MARY E. TOSCANO
Chief, OC/Gangs Unit

APPROVED:

ROSEMARY E. PAGUNI
Chief, Northern Criminal Enforcement Section
Tax Division

[6477584 ]

I have received this letter from my attorney, Henry E. Klingeman, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences.  I understand this letter fully.  I understand that this plea agreement is conditioned on Marc Sorrentino entering a guilty plea as set forth on page 5 above. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date: 01|16|18
Michael Sorrentino

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I have discussed with my client that this plea agreement is conditioned on Marc Sorrentino entering a guilty plea as set forth on page 5 above.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date: 01|16|18
Henry E. Klingeman, Esq.

7

16177554.1

Plea Agreement With Michael Sorrentino

Schedule A

1. This Office and Michael Sorrentino recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Michael Sorrentino nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Michael Sorrentino within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Michael Sorrentino further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

3. The parties agree that the intended tax loss for tax evasion for 2011 is $123,913, which results in a Base Offense Level of 16, pursuant to U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(F).

4. The parties agree that Michael Sorrentino's role in the offense fell between that of a minimal participant and a minor participant, and therefore he is entitled to a decrease of 3 levels pursuant to U.S.S.G. § 3B1.2.

5. As of the date of this letter, Michael Sorrentino has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Michael Sorrentino's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

6. In accordance with the above, the parties agree that the Total Guideline Offense Level applicable to Michael Sorrentino will be 11 (collectively, the "agreed Total Guidelines Offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed Total Guidelines Offense level is reasonable.

8. Michael Sorrentino knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. §

8

3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed Total Guidelines Offense level of 11.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed Total Guidelines Offense Level of 11.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

16177554.1